CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

APR 2 1 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| JACKSON MILIEN, | ) | Criminal Action No. 5:06-cr-00041 |
| Petitioner, | ) | (Civil Action No. 5:07-cv-80008) |
| | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Hon. Glen E. Conrad |
| Respondent. | ) | United States District Judge |

Petitioner Jackson Milien, Federal Register Number 12139-084, filed this pro se action as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Milien challenges his sentence for conspiracy to possess, manufacture, and distribute fifty or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a), and for distributing less than five grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a) and 845(b)(1)(C). Milien claims that his counsel provided ineffective assistance in failing to file a notice of appeal upon Milien's request. The government filed a response to Milien's § 2255 motion, and the clerk of court sent Milien a notice of the government's response, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), in which he was notified of his opportunity to file a response to the government's response within twenty days. Milien has not filed a response and the matter is accordingly now ripe for the court's consideration. On the existing record, the court is unable to resolve Milien's claim that his counsel was ineffective in failing to file an appeal upon request. Therefore, the court orders an evidentiary hearing on the issue.

I.

On September 6, 2006, a grand jury returned a twenty-eight count indictment against Milien and eleven other defendants. Milien was charged in Count One of the indictment with conspiring

to possess, manufacture, and distribute fifty or more grams of crack cocaine, and in Count Nineteen with distribution of less than five grams of crack cocaine. On December 1, 2006, by written plea agreement, Milien pleaded guilty to Count One of the indictment and waived his right to appeal any sentencing guideline issues, to collaterally attack the judgment and sentence imposed by the court, and to bring any claim he might have regarding ineffective assistance of counsel known and not raised at the time of sentencing. Pursuant to the written plea agreement, the court dismissed the remaining counts of the indictment pertaining to Milien. On April 23, 2007, the court sentenced Milien to 144 months for Count One, followed by a 7-year term of supervised release.

## II.

Milien claims that his counsel provided ineffective assistance when counsel failed to file an appeal upon Milien's request.[1] In a sworn affidavit, however, Milien's counsel stated that to his knowledge, he received no instructions from Milien that an appeal be filed on his behalf. An attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests. Poindexter, 492 F.3d at 273; see also United States v. Witherspoon, 231 F.3d 923, 926-27 (4th Cir. 2000) (finding that "an attorney who fails to file an appeal after being instructed by his client to do so is per se ineffective") (citing Roe v. Flores-Ortega, 528 U.S. 470, 475-77 (2000)). The inmate need not show a reasonable probability of success on appeal. See Peguero v. United States, 526 U.S. 23, 28 (1999); Witherspoon, 231 F.3d at 926. Thus, if Milien's allegation that he instructed his

---

[1] Because this claim pertains to a phase post-dating execution of his waiver, it falls outside the scope of the waiver, requiring the court to assess this claim on its merits. See United States v. Poindexter, 492 F.3d 263 (4th Cir., 2007) (overturning district court's denial of § 2255 motion on grounds of ineffective assistance of counsel, and holding that defendant's attorney provided ineffective assistance by disregarding defendant's unequivocal instruction to file notice of appeal, even though defendant had executed a collateral attack waiver as part of his guilty plea).

attorney to appeal is accurate, he has stated a claim for relief. On the record as it currently exists, the court is unable to evaluate the merits of Milien's allegation. Accordingly, the court will order an evidentiary hearing as to whether Milien unequivocally instructed his attorney to file a notice of appeal.[2]

### III.

For the foregoing reasons, the court will refer this matter to United States Magistrate Judge James Welsh, pursuant to 28 U.S.C. § 636(b)(1)(B), to hold an evidentiary hearing to determine whether Milien unequivocally instructed his attorney to file a direct appeal, and to prepare a report and recommendation. An appropriate order will be entered this day.

ENTER: This 21st day of April, 2008.

                                                                          */s/ Jackson L. Kiser*
                                                             United States District Judge

---

[2] If his attorney was so instructed, Milien shall be allowed a direct appeal. Poindexter, 492 F.3d at 273. If his attorney was not so instructed, the court will have to determine if Milien met his burden of showing that: (1) his attorney had a duty to consult under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations. Id.